UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

JULIAN FRANKEL on behalf of herself and
all other similarly situated consumers

                          Plaintiff,

          -against-

CLIENT SERVICES, INC.

                          Defendant.
_____

## CLASS ACTION COMPLAINT

### Introduction

1.     Plaintiff, Julian Frankel, brings this action against Client Services, Inc. for violations of
the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA"). The
FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair
collection practices while attempting to collect on debts.

### Parties

2.     Plaintiff is a citizen of the State of New York who resides within this District.

3.     Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in
that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4.     Upon information and belief, Defendant's principal place of business is located in Saint
Charles, Missouri.

5.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by
consumers.

6.      Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

**Jurisdiction and Venue**

7.      This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

**Allegations Particular to Julian Frankel**

9.      Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10.     On or about March 16, 2016, Defendant sent the Plaintiff a collection letter.

11.     The said March 16, 2016 letter was an effort to collect on a consumer debt.

12.     Prior to Defendant Client Services, Inc.'s collection of the said Chase Bank account, the account was previously being collected by Allied Interstate LLC, who had also sent a letter to the Plaintiff on or about October 5, 2013.

13.     The balance stated in the said October 5, 2013 letter from Allied Interstate LLC was $5,819.81, and in addition to that balance, interest was accruing daily as evident from the Defendant's March 16, 2016 letter, which reflected an increase in the balance to an amount of $6,189.04.

14.     A reasonable consumer could be misled into believing that she could pay her debt in full by paying the amount as listed in the March 16, 2016 letter.

15.     In fact, however, since as shown by the difference in the amount between the October 5, 2013 letter and the new increased amount in the March 16, 2016 letter, which reflected

that interest was accruing daily, a consumer who pays the balance due as stated in the letter, would be left unaware as to whether or not the debt has been paid in full.

16.    The debt collector could still seek the interest and fees that had accumulated after the notice was sent, but before the balance was paid, or sell the consumer's debt to a third party, who itself could seek the post charge-off interest and fees from the consumer.[1]

17.    Where a debt collector mails a debtor various different letters which show that interest is accruing daily, yet the debt collector "is willing to accept a specified amount in full satisfaction of the debt if payment is made by a specific date [it must] simplify the consumer's understanding by so stating, while advising that the amount due would increase by the accrual of additional interest or fees if payment is not received by that date."[2] However, if the debt collector intended on waiving the interest accruing it must clearly state that the interest is being waived.

18.    The said collection letters at issue were increasing daily due to interest, but the March 16, 2016 letter specifically, failed to disclose that the balance would continue to increase due to interest and fees, or in the alternative, the March 16, 2016 letter failed to disclose that the balance was actually <u>not</u> increasing due to the interest being waived.

19.    In any event, Defendant's said March 16, 2016 letter was "misleading" and "confusing" within the meaning of Section 1692e of the FDCPA.

> Absent a disclosure by the holder of the debt that the interest accruing since the previous letter is waived, even if the debtor pays the "Amount of Debt" the Defendant and or the creditor could still seek the interest accruing since the previous letter, or sell the consumer's debt to a third party, which itself could seek the accrued interest from the consumer.[3]

---

[1] See *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 76 (2d Cir. 2016)

[2] *id*.

[3] *Avila*, at *10-11.

20.     Waiver of interest even when it has been made explicitly has not prevented debt-collectors from continuing to illegally charge the waived interest.

21.     At the bare minimum, a debt collector must make clear even to the unsophisticated consumer that it intends to waive the accruing post charge-off interest.

22.     A debt collector must disclose, that the balance due may change since interest is accruing, or in the alternative, it must disclose any such waiver of interest accrued since the previous letter.

23.     To the extent that the Creditor or the Defendant intended to waive the automatically accrued and accruing interest, it was required to disclose that in the most conspicuous of terms.

24.     Defendant was required to include a disclosure that the automatically accrued interest <u>was</u> accruing, or in the alternative, the Defendant was required to disclose that the creditor has made an intentional decision to waive the automatically accruing interest; nonetheless it did not make any of those disclosures in violation of 1692e.

25.     If interest was waived, the letter would need to contain that disclosure and clearly state that no interest is accruing on this account in order to provide full and fair disclosure to consumers of the actual balance as is embodied in Section 1692e.

26.     The Second Circuit adopted a safe harbor disclaimer stating "that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as the Plaintiff, who may hold the reasonable but mistaken belief that timely payment will satisfy their debts."[4]

27.     Because the statement of the "BALANCE DUE" that included original principal, fees,

---

[4] *Avila v. Riexinger & Assocs., LLC,* 817 F.3d 72, 76 (2d Cir. 2016)

and contractual interest, without notice that the accruing interest was expressly waived can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, the FDCPA requires debt collectors, when they notify consumers of their account balance, to expressly disclose that interest has stopped accruing.

28.     Requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.  It also protects consumers such as the Plaintiff, who may hold the reasonable, but mistaken belief that timely payment will satisfy their debts and it protects them from other debt collectors seeking further interest on this debt in the future.

29.     According to the Second Circuit's finding that the "BALANCE DUE" must contain a full and fair disclosure, if a credit card account was being charged interest, pursuant to a contract and the interest was intended to be waived, disclosure of such a waiver is necessary or the consumer would not know what the balance is.  "[i]n fact, however, if interest is accruing daily, [or was not expressly waived] a consumer who pays the 'current balance' stated on the notice will not know whether the debt has been paid in full. The debt collector could still seek the [accruing or unwaived] interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer."[5]

30.     The 8th Circuit in _Haney v. Portfolio Recovery Assocs._, No. 15-1932, 2016 U.S. App. LEXIS 17287 (8th Cir. Sep. 21, 2016) clearly explains that merely not including interest in post charge off statements is not express waiver of interest, and the debt collector or

---

[5] _Avila v. Riexinger & Assocs., LLC_, 817 F.3d 72, 76 (2d Cir. 2016)

creditor can seek the interest in the future.

31.    In fact, in this case the Plaintiff is still not sure whether there was any intent to waive the interest. There was definitely no express waiver and disclosure of waiver is mandatory if interest was originally accruing per the contract.  The consumer could not know what the real balance is.

32.    The intent to waive a contractual right must be unmistakably manifested and may not be inferred from doubtful or equivocal acts.[6]  A waiver of a contract right does not occur by negligence, oversight or thoughtlessness and cannot be inferred from mere silence.[7]

33.    Failure to disclose such a waiver of the automatically accruing interest is in of itself deceptive and "misleading" within the meaning of Section 1692e.  The Defendant knew that the balance would increase due to interest, fees and/or disbursements.

34.    The "BALANCE DUE" is for an amount that includes original principal, fees, and contractual interest.

35.    If interest was waived or stopped accruing the collection notice must disclose "This debt is not accruing interest."

36.    If interest was accruing the collection notice must inform the consumer that the amount of the debt stated in the letter will increase over time.

37.    Collection letters failing to reference the accrual of interest or waiver of interest are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692e(10).

38.    "None of the letters provided further detail regarding when or how the balance had been

---

[6] *Navillus Tile, Inc. v. Turner Const. Co.*, 2 A.D.3d 209, 770 N.Y.S.2d 3 (1st Dep't 2003)

[7] *Acumen Re Management Corp. v. General Sec. Nat. Ins. Co.*, 2012 WL 3890128, at *6 (S.D. N.Y. 2012), reconsideration denied, motion to certify appeal granted, 2012 WL 6053936 (S.D. N.Y. 2012).

calculated, whether it included interest, or whether interest continued to accrue. The court finds that the "least sophisticated consumer" could have read these letters in at least two different ways. *On one hand*, an unsophisticated consumer could reasonably conclude that the balance was a fixed amount that would not be subject to further interest, late fees, or other charges. *On the other*, an unsophisticated consumer could just as reasonably determine that the balance would continue to grow over time as interest accrued. *One of those meanings would necessarily be inaccurate*. Therefore, the court finds that Defendants' letters were deceptive as a matter of law.  Courts in other districts have reached the same conclusion on similar facts. The court grants Ms. Snyder's motion for summary judgment on this issue." *Snyder v. Gordon,* No. C11-1379 RAJ, 2012 U.S. Dist. LEXIS 120659, at *8-9 (W.D. Wash. Aug. 24, 2012)

39.   "The Court therefore finds that [the debt collectors] letters to [the debtor] are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692e(10) … The logic [applies] to stated outstanding debt and the need for consumers to be aware that this debt may be dynamic or static. They are concerned with a consumer's inability to discern whether an amount owed may grow with time, regardless of whether offers to settle are on the table or not. As [plaintiff] states, this information is relevant in a consumer's payment calculus, especially when some debts must be paid at the expense of others. And, of course, the existence of settlement offers would be entirely irrelevant to these considerations for the many consumers who are unable to take advantage of them...Plaintiff's claim is not that the stated balance was not itemized, but that it was unclear whether it was subject to future interest." Michalek v. ARS Nat'l Sys., No. 3:11-CV-1374, 2011 U.S. Dist. LEXIS 142976, at *16-17 (M.D. Pa. Dec. 13, 2011)

40.     The March 16, 2016 letter was deceptive and misleading as it merely identified the "BALANCE DUE," yet failed to disclose that the balance may increase due to interest and fees.

41.     The Plaintiff was left uncertain as to whether the "BALANCE DUE" was accruing interest as there was no disclosure that indicated otherwise.

42.     A reasonable consumer could read the notice and be misled into believing that he or she could pay her debt in full by paying the amount listed on the notice.

43.     In fact, however, since interest is accruing daily, or since there are undisclosed late fees, a consumer who pays the "BALANCE DUE" stated on the notice will not know whether the debt has been paid in full.

44.     The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

45.     The statement of a "BALANCE DUE" without notice that the amount is already increasing due to accruing interest or other charges, would mislead the unsophisticated consumer into believing that payment of the amount stated will clear his or her account.

46.     The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

47.     Collection notices that state only the "BALANCE DUE," but do not disclose that the

balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

48.     The Plaintiff and the least sophisticated consumer would be led to believe that the "BALANCE DUE" is static and that his or her payment of the amount due would satisfy the debt irrespective of when payment was remitted.

49.     A consumer who pays the "BALANCE DUE" stated on the collection letter will be left unsure as to whether or not the debt has been paid in full, as the Defendant could still attempt to collect on any interest and fees that accumulated after the letter was sent but before the balance was paid.

50.     The Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

51.     A debt collector, when notifying a consumer of his or her account balance, must disclose that the balance may increase due to interest and fees.

52.     15 U.S.C. § 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of –
> the character, amount, or legal status of any debt; or
>
> (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

53.     Defendant's March 16, 2016 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt

owed by the Plaintiff.

54.     Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of Defendant.

55.     Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

56.     Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

57.     Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

58.     Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

59.     Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

60.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

61.     These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

62.     Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute

embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

63.    This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

64.    The identities of all class members are readily ascertainable from the records of Client Services, Inc. and those business and governmental entities on whose behalf it attempts to collect debts.

65.    Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Client Services, Inc., and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

66.    There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members.  The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

67.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

68.    The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor

her attorneys have any interests, which might cause them not to vigorously pursue this action.

69.   This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a)   **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

   (b)   **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

   (c)   **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   (d)   **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the

Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

70. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

71. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

72. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

73. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## AS AND FOR A FIRST CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.**

74. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through seventy three (73) herein with the same force and effect is if the same were set forth at length herein.

75. This cause of action is brought on behalf of Plaintiff and the members of a class.

76. The class involves all individuals whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about March 16, 2016; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; and (c) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

## Violations of the Fair Debt Collection Practices Act

77. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

78.     Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a)     Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b)     Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)     Any other relief that this Court deems appropriate and just under the circumstances.

Dated:  Brooklyn, New York
        February 8, 2017

                            __/s/ Maxim Maximov_____
                            Maxim Maximov, Esq.
                            Attorneys for the Plaintiff
                            Maxim Maximov, LLP
                            1701 Avenue P
                            Brooklyn, New York 11229
                            Office: (718) 395-3459
                            Facsimile: (718) 408-9570
                            E-mail: m@maximovlaw.com


Plaintiff requests trial by jury on all issues so triable.

                            __/s/ Maxim Maximov_____
                            Maxim Maximov, Esq.